```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      BLUEFIELD
```

**MEREDITH YATES,**

    **Plaintiff,**

**v.**                                              **Civil Action No. 1:19-00564**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Amended Proposed Findings and Recommendation ("PF&R") on December 11, 2020, in which he recommended that the district court grant the United States' motion to dismiss or, in the alternative, motion for summary judgment; grant the motion to dismiss filed by defendants Greenbrier Physicians, Inc. and Wheeler; and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.

Objections to the PF&R were due on or before December 28, 2020. Plaintiffs' objections were received for filing by the Clerk's Office on December 31, 2020. Therefore, her objections were not timely filed. Plaintiff was no longer incarcerated when the PF&R or the Objections were filed on the court's docket. Therefore, "the prison mailbox rule, which would permit the filing of [her] objections when they were delivered to prison authorities, does not apply because Plaintiff was no longer incarcerated and assumed the risk of using postal services." McFadden v. McKay, Civil Action No. 2:17-cv-00252-JMC, 2019 WL 1929889, *2 n.2 (D.S.C. May 1, 2019); see also Buono v. Colvin, Civil No. 3:13cv851(DJN), 2014 WL 3735542, *3 (E.D. Va. July 28, 2014) ("In the context of litigation, the mailbox rule holds that courts should consider a pro se incarcerated litigant's papers filed when the litigant delivers them to prison authorities for mailing. . . . Courts have reserved this "Filed when mailed" rule for pro se incarcerated litigants, because they are unable either to travel to the courthouse to witness the filing of a paper or to track the progress of a mailing through the postal service. Both this Court and the Fourth Circuit have recognized that this rule does not apply to individuals who are not prisoners. . . . Instead, the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences . . . .") (internal citation and quotation omitted).

Plaintiff offers no excuse for her failure to file timely objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court has reviewed the record in this case, as well as Magistrate Judge Aboulhosn's PF&R. Having done so, the court discerns no clear error.

Notwithstanding the fact that it has no obligation to do so, the court has reviewed plaintiff's objections and notes that they would not change its decision to adopt the PF&R. Magistrate Judge Aboulhosn recommended that plaintiff's complaint be dismissed as to Dr. Wheeler and Greenbrier Physicians based upon plaintiff's failure to comply with the requirements of the West Virginia Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-6.

In West Virginia, the Medical Professional Liability Act ("MPLA") controls medical malpractice claims." Dreenen v. United States, 2010 WL 1650032, *2 (4th Cir. 2010); Callahan v. Cho, 437 F. Supp. 2d 557, 561 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 808-09 (N.D.W. Va. 2004); Osborne v. United

States, 166 F. Supp. 2d 479, 496-97 (S.D.W. Va. 2001); Bellomy v. United States, 888 F. Supp. 760, 764-65 (S.D.W. Va. 1995).

The MPLA provides that in order to bring such a claim, a plaintiff must prove that:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
>
> (2) Such failure was a proximate cause of the injury or death.

W. Va.Code § 55-7B-3(a). When a medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and treated, or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. See Banfi v. American Hosp. for Rehabilitation, 539 S.E.2d 600, 605-06 (W. Va. 2000).[1]

Additionally, under West Virginia Code § 55-7B-6, certain requirements must be met before a person may even file an action against a health care provider. This section provides in pertinent part:

---

[1] "West Virginia law stipulates that medical experts must establish the applicable standard of care in medical malpractice cases. W. Va. Code § 55-7B-7(a). The only exceptions to this requirement, where the breach of duty is so gross as to be apparent or the standard is within the common knowledge of lay jurors, are the same as the exceptions to the medical certificate requirement." Callahan v. Cho, 437 F. Supp. 2d 557, 564 (E.D. Va. 2006).

> (a) Notwithstanding any other provisions of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices are being sent, together with a screening certificate of merit.  The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the Rules of Civil Procedure.

W. Va. Code § 55-7B-6(b).  Courts have held that a plaintiff's failure to adhere to the pre-filing requirements of the MPLA warrants dismissal.  See, e.g., Callahan v. Cho, 437 F. Supp. 2d

557, 565 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 809 (N.D.W. Va. 2004).

In her objections, plaintiff does not argue that she has complied with the pre-filing requirements of the MPLA. Rather, her objection seems to be that, as an incarcerated individual, it was impossible for her to comply. See ECF No. 34 at 1 ("The Plaintiff had no way of knowing West Virginia State laws. The Electronic Law Library at Alderson provided federal code but not state code."). This argument is without merit. "[T]he MPLA does not provide any relief for incarcerated persons, which excepts their compliance with the Act's pre-filing requirements. An inmate, like Plaintiff, is entitled and capable of proceeding in court with a medical negligence or malpractice claim just as any other plaintiff provided the inmate adheres to the pre-filing requirements." Roseboro v. Felts, Civil Action No. 5:08-cv-01433, 2012 WL 3637406, *11 (S.D.W. Va. Aug. 22, 2012); see also Slaughter v. United States, Civil Action No. 5:08-1016, 2010 WL 1380009, *6 (S.D.W. Va. Feb. 3, 2010) ("Plaintiff's right of access to the Courts is not burdened through the application of the MPLA in the context in which he finds himself. The MPLA does not exclude claims of inmates. Plaintiff is as entitled and capable of proceeding in Court with a medical negligence claim as anyone else provided he provides a notice of claim and a certificate of merit in conformity with the statute.").

Furthermore, the injuries plaintiff complains of are not within the understanding of lay jurors by resort to common knowledge and experience and, accordingly, she is not excused from filing a screening certificate of merit.[2]  Finally, a stay of this matter to allow plaintiff to comply with the MPLA is inappropriate– the requisite documents are to be obtained <u>prior</u> to filing suit.  <u>See, e.g.</u>, <u>State ex rel. Miller v. Stone</u>, 607 S.E.2d 485, 490 (W. Va. 2004) ("Petitioner violated the statute when she filed her medical malpractice claim . . . <u>before she filed her certificate of merit</u>, which completely foreclosed the health care provider's statutorily granted right to demand <u>pre-litigation</u> mediation— in other words, mediation prior to the filing of any action.") (emphasis in original).  Therefore, because this court finds that plaintiff has not complied with the requirements of West Virginia Code § 55-7B-6, the dismissal of Dr. Wheeler and Greenbrier Physicians is appropriate.  Any objection to this finding is **OVERRULED**.

The PF&R also recommended dismissal of any claims against the United States for failure to properly exhaust because plaintiff's administrative tort claim contained no allegations of negligence by BOP employees.  <u>See</u> ECF No. 33 at 16.  Plaintiff

---

[2] In any event, even if plaintiff believed that no screening certificate was necessary, plaintiff has not filed the statement required by West Virginia Code § 55-7B-6(c) that a plaintiff must provide in lieu of a screening certificate of merit.

insists that she did allege negligence of the BOP in her administrative tort claim. See ECF No. 34 at 1. However, a review of the administrative tort claim itself shows that all plaintiff's allegations of negligence and misconduct are directed towards Dr. Wheeler who is not a BOP employee. See ECF No. 17-1 at 9-10. Therefore, her unsupported assertion is undermined by the evidence of record.

Likewise, plaintiff alleges that she "was not informed nor did she consent to a procedure that would result in a permanent loss of ability to carry a child to term." ECF No. 34 at 1. First, that statement in and of itself is not really responsive to the PF&R. However, the evidence of record shows that plaintiff did consent to the procedure and that Dr. Wheeler "explained to me the nature and purpose of the proposed procedures/operations, the potential risks and/or complications and expected benefits." ECF No. 17-1 at 32. Yates further acknowledged "that the practice of medicine, surgery and administration of healthcare services are not exact sciences." Id. Finally, she indicated that she had "been given an opportunity to ask any questions and [ ] acknowledge[d] understanding of all explanations and answers regarding all of the above and below to [her] satisfaction." Id. As the PF&R makes clear, see ECF No. 33 at 25-26, expert testimony would be necessary for plaintiff's informed consent

8

claim and her failure to obtain a screening certificate of merit is fatal to that claim. See Sayre v. United States, Civil Action No. 2:09-0295, 2009 WL 4825197, *2-3 (S.D.W. Va. Dec. 9, 2009) (Copenhaver, J.) (concluding that, under West Virginia law, a patient who alleged he was not made aware of the risks and potential complications of a surgical procedure and therefore did not provide informed consent was required to serve a health care provider with a screening certificate of merit prior to filing suit); see also Cline v. Kresa-Reahl, 728 S.E. 2d 87, 94 (W. Va. 2012) (noting that expert testimony would "unquestionably be necessary" in informed consent case based upon failure of physician to advise patient about alternative medical treatments and, therefore, screening certificate of merit would be required).

Based on the foregoing, the court accepts Magistrate Judge Aboulhosn's findings and recommendation and **OVERRULES** plaintiff's objections. Accordingly, the United States' motion to dismiss or, in the alternative, motion for summary judgment is **GRANTED**; the motion to dismiss filed by defendants Greenbrier Physicians, Inc. and Wheeler is **GRANTED**; and the Clerk is directed to remove this matter from the court's active docket.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the plaintiff, pro se, and to any other unrepresented parties.

IT IS SO ORDERED this 15th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge